IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Docket no. 1:08-CR-98 |
| ) | |
| EMILE PARKER ) | |

### DEFENDANT'S RENEWED MOTION TO DISMISS INDICTMENT

The defendant, EMILE PARKER, by counsel, BRADLEY S. STETLER, renews his motion to dismiss the indictment in this case which charges a violation of 8 U.S.C. § 1326(a).

### Prior proceedings

The defense has previously filed a motion to dismiss indictment and, on the request of the court, a memorandum on the applicability of 8 U.S.C. § 1225(b)(1)(D). We argued that Mr. Parker's August 1, 2008 removal order was invalid and that the court should dismiss the case under 18 U.S.C. § 1326(d), which permits collateral attacks on the validity of removal orders used to support a prosecution for alien re-entry after deportation.

That statute has three requirements for relief: (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally

unfair. The third requirement requires a showing that there was a fundamental procedural error and prejudice resulting from that error. United States v. Copeland, 376 F.3d 61, 68 (2d Cir. 2004). The prejudice standard is met where one can show that there is a reasonable likelihood that but for the procedural error the alien would not have been removed. Id. at 73.

On February 6, 2009 this court denied the motion to dismiss. The court concluded that on the present record Mr. Parker could not satisfy the standard for showing fundamental unfairness, apparently due to the lack of evidence before the court on whether Mr. Parker had a valid claim to citizenship. The court stated that the defense may still raise the defense that the removal proceedings did not afford him due process.

### Newly located records establishing claim to citizenship

Subsequent to the court's ruling, the defense obtained various records from the Florida Department of Corrections in Tallahassee, Florida, which were certified as accurate by the Department of Corrections. (Exhibit 1, certification of Malinda A. Graham.) The file is Mr. Parker's Florida Corrections file generated after his conviction on November 5, 1996 in State v. Parker, 96-25051 (Circuit Court for the Eleventh Judicial Circuit).

Among other records, that file contains a document dated December 3, 1996, from the United States Immigration and Naturalization Service, Investigations Unit, Alien Criminal Apprehension Program, which states that Mr. Parker is a United States citizen.

(Exhibit 2.) This Corrections file also contains a document, dated December 3, 1996, signed by Eileen Convy, Assistant District Director for Investigations, United States Department of Justice, Immigration and Naturalization Service, stating that Mr. Parker is a citizen of the United States and "therefore is not deportable." (Exhibit 3). The Florida Department of Corrections, in its Classification and Admission Summary contained in the file, stated that Mr. Parker was a confirmed United States citizen. (Exhibit 4, Classification and Admission Summary). Finally, the file includes a photo identification of Mr. Parker with other identification data. (Exhibit 5.)

It is Mr. Parker's recollection that the Immigration and Naturalization Service interviewed his father, Nick Parker, and him in 1996 while he was in jail in Florida, shortly after his sentencing. Subsequently, INS determined that Mr. Parker was a citizen of the United States and released any hold it had on him. The date of birth for Mr. Parker contained in the documents in the Florida Corrections file and in exhibits 3, 4 and 5, is November 9, 1977. The date of birth in Mr. Parker's A-file that was provided by the government in discovery is November 9, 1979. That A-file contains other documents that show that several dates of birth are listed for Mr. Parker, including November 9, 1977.

## Prejudice

The United States Immigration and Naturalization Service concluded in 1996 that Mr. Parker was a citizen of the United States. It determined he was not deportable. The government informed him of that decision. The prejudice to Mr. Parker which makes the

indictment vulnerable to collateral attack takes at least two forms.

First, given that the government determined in 1996 that Mr. Parker was a citizen, there is a reasonable probability that had Mr. Parker been permitted to pursue his administrative remedies he would have been able to successfully fight the removal order. At the immigration hearing, the above documents are likely to have been uncovered and the INS would have been unable to carry the burden of establishing deportability by clear and convincing evidence as required by 8 U.S.C. § 1227(a)(2)(A)(iii). See Evangelista v. Ashcroft, 359 F.3d 145, 149 (2d Cir. 2004). As did the defendant in United States v. Calderon, 391 F.3d 370 (2d Cir. 2004), Mr. Parker would have satisfied the third prong of the collateral attack as there is a "plausible" showing that he would not have been deported.

Second, 8 U.S.C. § 1225(a)(4) states that an alien applying for admission may be permitted to withdraw the application for admission and depart immediately from the United States. Mr. Parker attempted to enter the United States at the Miami International Airport after having arrived on a flight from the Dominican Republic. He claimed that he was a United States citizen which he received from his father. Had Mr. Parker been permitted to pursue his administrative remedies as required by law after the immigration officer ordered him removed, he would have been provided the opportunity to demonstrate that the United States had previously determined he was a citizen. Even if the immigration judge determined that he was not a citizen, Mr. Parker then would have

had the opportunity to withdraw his application for admission to the United States. Had he done so, he would not have been removed. No removal means no indictment.

For the foregoing reasons, the defendant renews his motion to dismiss the indictment.

Dated at Burlington, Vermont this 9th day of April, 2009.

_____
BRADLEY S. STETLER
STETLER, ALLEN & KAMPMANN
95 St. Paul Street
Burlington, Vermont 05401
(802) 660-8646

Certificate of Service

I, Bradley S. Stetler, certify that one true and accurate copy of the foregoing renewed motion to dismiss indictment was mailed first class, to Gregory Waples, United States Attorney's Office, Burlington, Vermont this 9 day of April, 2009.

_____
BRADLEY S. STETLER

**Stetler, Allen & Kampmann**
95 St. Paul Street, Burlington, Vermont 05401

- 5 -